IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 21 2016  ★

LONG ISLAND OFFICE

LEILANI ZUTRAU,
     Plaintiff,

-v.-

THE HON. REINALDO E. RIVERA,
THE HON. LEONARD B. AUSTIN,
THE HON. JEFFREY A. COHEN,
THE HON. COLLEEN D. DUFFY,
THE HON. ELIZABETH H. EMERSON,
in their individual capacities,
     Defendants,

JOHN C. JANSING,
     Nominal Defendant,
ICE SYSTEMS, INC.
     Nominal Defendant.

Civil Action No. _____

## CV 16 1378

**COMPLAINT**

AZRACK, J.

LOCKE, M. J.

## PARTIES

1.    Plaintiff, Leilani Zutrau ("Plaintiff"), is an individual residing at 229 McKinley Parkway, Mineola, New York 11501.

2.    The Hon. Reinaldo E. Rivera is a Justice of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department at 45 Monroe Place, Brooklyn, New York 11201.

3.    The Hon. Leonard B. Austin is a Justice of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department at 45 Monroe Place, Brooklyn, New York 11201.

4.    The Hon. Jeffrey A. Cohen is a Justice of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department at 45 Monroe Place, Brooklyn, New York 11201.

5.      The Hon. Colleen D. Duffy is a Justice of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department at 45 Monroe Place, Brooklyn, New York 11201. The Defendant Justices named in paragraphs two through five of this Complaint are hereinafter referred to, collectively, as the "Appellate Justices," as they acted in the same manner in connection with the violations alleged herein.

6.      The Hon. Elizabeth H. Emerson (the "Trial Court Justice") is a Justice of the Supreme Court of the State of New York, Commercial Division, Suffolk County at 1 Court Street, Riverhead, New York 11901.

7.      John C. Jansing ("Jansing") is the sole director and controlling shareholder of ICE Systems, Inc. ("ICE"), a Delaware corporation with its only office at 100 Patco Court, Suite #9, Islandia, New York 11749. Jansing & ICE were parties to the legal proceedings discussed herein.

## JURISDICTION AND VENUE

8.      Jurisdiction is invoked by the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1983, 1988, 28 U.S.C. §§ 1331, 1343(a), and 1367, and the separation of powers doctrine. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to the claims brought in this action occurred in the Eastern District of New York.

9.      This action is brought against the Trial Court Justice, and the Appellate Justices, in their personal and individual capacities.

## STATEMENT OF CLAIMS AND RELEVANT FACTS

10.     On September 18, 2009, Plaintiff initiated an action against Jansing and ICE (the "Civil Action Defendants") by filing a Summons with Notice, and complaint alleging employment, contract, shareholder, and derivative claims, in the Supreme Court of New York, Commercial

2

Division, Suffolk County (the "Trial Court"), Index No. 037576/2009 (the "Civil Action").

Plaintiff amended her complaint on June 17, 2010, adding a claim for gender discrimination.

11.     On June 27, 2011, Plaintiff filed a Note of Issue and Certificate of Readiness for Trial, demanding a jury trial on all issues.

12.     The Civil Actions Defendants moved twice to dismiss several of Plaintiff's claims, on January 7, 2010, and on June 30, 2011; after the Civil Action Defendants' two dispositive motions were decided, Plaintiff's remaining claims proceeding to trial were disability discrimination, retaliatory discharge, and a breach of fiduciary duty claim.

13.     On February 9, 2012, at a trial scheduling conference, The Trial Court Justice informed Plaintiff and the Civil Action Defendants that the trial for the Civil Action would be bifurcated for liability and damages, and the liability phase of the trial would commence on July 16, 2012.

14.     On May 30, 2012, the Civil Action Defendants filed a Notice of Motion, and Memorandum of Law in Support of Motion to Strike [Plaintiff's] Jury Demand (the "Motion to Strike Jury Demand"). Plaintiff filed a Reply on June 8, 2012.

15.     On July 16, 2012, the Trial Court Justice granted that part of the Civil Action Defendants' Motion to Strike Jury Demand (the "Jury Waiver Order"). Attached hereto as Exhibit "A" is the unpublished Jury Waiver Order.

16.     On July 16, 17, 18, 19, and 20, 2012, and on September 4, 10, and 11, 2012, a bench trial was held before the Trial Court Justice (the "Trial").

17.      On March 20, 2013, the Trial Court Justice issued a Decision After Trial (the "Decision After Trial") for the liability phase of the Trial, and awarded Plaintiff $60,307.

18.     On April 29, 2013, the Trial Court entered a final judgment (the "Judgment").

3

19.     On June 26, 2013, Plaintiff entered a Notice of Appeal with the Trial Court, taking an appeal from every part of the 1) Jury Waiver Order striking Plaintiff's jury demand; 2) Decision After Trial; and 3) Judgment (collectively, the "Appeal").

20.     On March 13, 2014, briefing was completed on the Appeal.

21.     On April 9, 2015, the Appellate Justices heard oral argument on the Appeal.

22.     On May 27, 2015, the Appellate Justices issued a Decision and Order (the "Appellate Order"), dismissing Plaintiff's Appeal.[1]

23.     On July 28, 2015, Plaintiff filed a motion with the New York Court of Appeals seeking leave to appeal the Appellate Order (the "Appeals Motion").

24.     On September 22, 2015, the New York Court of Appeals denied the Appeals Motion.

**The Damages Trial**

25.     Pursuant to the Trial Court Justice's directive at the February 9, 2012 trial scheduling conference, Plaintiff prepared for and presented her case to prove liability at the first phase of the Trial, including liability in connection with her fourth cause of action (breach of fiduciary duty), which sought: "damages resulting to Plaintiff from [the Civil Action] Defendants' breach of fiduciary duty in amounts to be determined, plus punitive damages, attorneys' fees and costs."[2]

26.     The Trial Court Justice did not conduct, or order, a damages trial after the liability phase of the Trial was decided on March 20, 2013, despite it being found that the Civil Action Defendants were liable to pay Plaintiff in connection with her fourth cause of action.

27.     Plaintiff received no notice that there would be no damages trial, and no hearing before or after being deprived of an opportunity to present her case for damages for monies to which she has a legal claim under her fourth cause of action in the Civil Action.

---

[1] *Zutrau v. ICE Sys., Inc.*, 128 AD 3d 1058 - NY: Appellate Div., 2nd Dept. 2015.
[2] The damages Plaintiff sought were amounts related to her share ownership in Nominal Defendant, ICE.

28.     The Appellate Justices held that Judgment is "in favor of [Plaintiff] and against [the Civil Action] defendants on the fourth cause of action in the principal sum of only $60,307," but ignored Plaintiff's efforts to recover the damages trial that had been eliminated. *Zutrau* 1058.[3]

29.     The Trial Court Justice and the Appellate Justices did not consider the risk of Plaintiff being deprived of monies to which she is entitled, and to which has a legal claim.

30.     The Trial Court Justice and the Appellate Justices, acting under color of law, knowingly injured Plaintiff by depriving her of a damages trial that they knew was supposed to be held if the Civil Action Defendants were liable to pay Plaintiff on any of her claims.

31.     Instead of ensuring justice and fairness, the Trial Court Justice and the Appellate Justices' deliberate, oppressive, and injurious actions against Plaintiff deprived her of the fundamental, long-established civil liberty of due process of law, which is not tolerable in a civilized society with a representative government. The Trial Court Justice and the Appellate Justices' actions were not justified by any government interest.

32.     The Trial Court Justice and Appellate Justices could not have known what presentations Plaintiff would make at a damages trial, including through expert testimony, and therefore cannot show that a procedure already afforded Plaintiff, absent a damages trial, was adequate. Moreover, Plaintiff was not required to prove the merits of her damages case beforehand.

33.     The Trial Court Justice and the Appellate Justices knew, or should have known, that their actions violated Plaintiff's constitutional rights to procedural and substantive due process.[4]

34.     There were ultimately no procedural safeguards in place to protect Plaintiff's legal rights.

_____

[3] Plaintiff is not asking this Court to review, and reject or overturn the Appellate Order, the Decision After Trial, or the Judgment. The sources of Plaintiff's injuries are the alleged violations of Plaintiff's civil rights discussed herein; and the prospective relief Plaintiff seeks does not depend on any specific outcome related to the Civil Action. To the extent Plaintiff references the Appellate Order, or any other prior Order, it is only as evidence of the Defendant Justices' deprivations of Plaintiff's civil rights, which occurred *before* their Orders were issued. The Orders are void of any decisions that contemplate legal arguments Plaintiff made that were deliberately avoided, as alleged herein.
[4] U.S. CONST. amend. XIV.

5

## Additional Due Process Allegations

35. The right to a jury trial is a liberty interest and benefit conferred by New York law.[5]

36. When Plaintiff filed her Reply to the Civil Action Defendants' Motion to Strike [her] Jury Demand, she set forth legal bases to show that her employment and shareholder-related claims arose from separate transactions, thus preserving her right to a jury trial.

37. The Trial Court Justice, without citing to any legal authority, conclusorily stated that, "Contrary to the [P]lainitf's contentions, all of the [P]laintiff's claims arise out of the same transaction." (Ex. A at 1) The Trial Court Justice did not identify the transaction from which all of Plaintiff's claims purportedly arose. (*Id.*)

38. The reason the Trial Court Justice cited no legal authority to support the holding that all of Plaintiff's claims arose from the same transaction is because the Trial Court Justice wanted to avoid Plaintiff's legal arguments showing that her claims actually did arise from separate transactions, as that would have preserved Plaintiff's right to a jury trial on claims traditionally tried by juries. The Trial Court Justice sought to prevent Plaintiff from exercising that right.

39. After foregoing a threshold analysis to determine the transactional sources of Plaintiff's claims (i.e., the alleged violations of rights that gave rise to each of Plaintiff's claims), the Trial Court Justice held, again without identifying the transaction from which all of Plaintiff's claims purportedly arose, that Plaintiff waived her right to a jury trial by joining legal and equitable claims arising from the "same transaction" (which holding is only possible if it has been first determined that all of the claims at issue arise from the same transaction). (Ex. A at 2).

40. In her Appeal, Plaintiff set forth legal arguments supporting her right to a jury trial; but the Appellate Justices avoided those legal arguments, and stated in conclusory fashion, that the Trial Court Justice "properly determined that the [P]laintiff waived her right to a jury trial by

---

[5] N.Y. CONST. art. I, §2.

joining legal and equitable causes of action *arising from the same transaction* and seeking both legal and equitable relief." (*Zutrau* 1059-60; emphasis added). The Appellate Justices did not identify the "same transaction" that purportedly gave rise to all of Plaintiff's causes of action.

41.    Acting under color of law, the Appellate Justices intentionally avoided Plaintiff's arguments regarding the transactional sources of Plaintiff's causes of action, i.e., the alleged violations of rights that gave rise to each of her causes of action, and the gravamen of her claims.

42.    The Appellate Justices did not afford Plaintiff a full and fair hearing because they intentionally ignored her legal arguments, violating her basic, fundamental right to due process. As a result, the legal question as to whether Plaintiff consented to waiving her right to a jury trial was never lawfully decided, and any related judicial decisions do not contemplate substantive legal arguments Plaintiff made in defense of that liberty interest and right. [6]

43.    The Appellate Justices also avoided Plaintiff's arguments regarding the right to a jury trial when money damages can provide full redress, again depriving Plaintiff of her federally guaranteed right to due process.

44.    The Appellate Justices knew, or should have known, that by avoiding considering Plaintiff's legal arguments, they were violating Plaintiff's constitutional rights,[7] and adversely affecting a liberty interest created by New York law, the right to a jury trial.

45.    Absent any governmental justification, the Appellate Justices deliberately and injuriously deprived Plaintiff of fundamental, federally guaranteed rights, which is not tolerable in a civilized society with a representative government, where the Appellate Justices were entrusted to protect those well established rights.

---

[6] Plaintiff is not asking this Court to review, and reject or overturn any part of any prior Order from the Civil Action. Plaintiff's arguments supporting her legal rights were ignored, and did not form any part of any prior Order from the Civil Action. The sources of Plaintiff's injuries are the alleged violations of procedural and substantive due process, and the equal protection of the law; and the relief she seeks does not depend on any particular outcome.
[7] U.S. CONST. amend. XIV, § 1.

### Unconstitutionally Vague Interpretations of Law

46.     The Appellate Justices cited to New York C.P.L.R. 4102(c) and related common law to deem that the right to a jury trial had been waived. *Zutrau* 1059-60.

47.     New York C.P.L.R. 4102(c) states:

> Waiver. A party who has demanded the trial of an issue of fact by a jury under this section waives his right by failing to appear at the trial, by filing a written waiver with the clerk or by oral waiver in open court. A waiver does not withdraw a demand for trial by jury without the consent of the other parties. ***A party shall not be deemed to have waived the right to trial by jury of the issues of fact arising upon a claim, by joining it with another claim with respect to which there is no right to trial by jury and which is based upon a separate transaction***; or of the issues of fact arising upon a counterclaim, cross-claim or third party claim, by asserting it in an action in which there is no right to trial by jury.  N.Y. C.P.L.R. 4102(c); emphasis added.

48.     That portion of New York C.P.L.R. 4102(c) emphasized immediately above protects the right to a jury trial ("A party shall not be deemed to have waived ..."). N.Y. C.P.L.R. 4102(c).

49.     As construed by the Appellate Justices, New York C.P.L.R. 4102(c) is unconstitutionally vague within the meaning of the Fourteenth Amendment of the United States Constitution, because the Appellate Justices interpretation conclusorily relies on prohibited conduct that is nowhere stated or explained in that statute, fostering arbitrary enforcement, such as not identifying a transaction to which the law applies, yet finding a party non-compliant. *Id.* 1059 ("[T]he deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial ... see CPLR 4102[c]).").

50.     The Appellate Justices' interpretation of common law relying on New York C.P.L.R. 4102(c) is similarly unconstitutionally vague, as it is impossible to determine from the Appellate Justices' interpretation what constitutes a prohibitive "same transaction," or how that (unidentified) single transaction renders consent given to the waiver a jury trial. *Id.* 1059-60.

51.    The Appellate Justices also construed New York C.P.L.R. 4102(c) beyond the legislative ambit of that statute, which is proscribed by the separation of powers doctrine.[8]

### Equal Protection of the Law

52.    The Appellate Justices treated Plaintiff differently from others similarly situated for no rational reason. At a threshold level, the Appellate Justices never determined whether Plaintiff's causes of action arose from the same transaction, whereas in other cases, such determinations were made, and importantly, the legal rights giving rise to each cause of action were analyzed to properly determine the parties' rights—to have a jury of their peers find the facts at trial—which the Appellate Justices intentionally sought to, and did avoid in Plaintiff's case.

53.    For example, in *Benn v. Benn*,[9] the plaintiff's arguments were considered to determine whether he was entitled to a jury trial, analyzing his causes of action, and the remedies sought. Conversely, the Appellate Justices intentionally avoided Plaintiff's arguments pertaining to the same threshold analyses of Plaintiff's separate causes of action (whether her causes of action arose from the same transaction, and even if they did, whether the legal rights underlying each cause of action, redress by money damages, or the gravamen of her causes of action supported or precluded a jury trial). The Appellate Justices deprived Plaintiff of her legal rights.

54.    Absent foundational analyses of Plaintiff's causes of action, the only comparison that can be made between Plaintiff and others similarly situated (*e.g.,* the *Benn* plaintiff) is that others seeking to exercise their rights to a jury trial (with legal and equitable claims) had their arguments lawfully reviewed, whereas Plaintiff's arguments were intentionally, and discriminatorily avoided to deprive her of her rights.

---

[8] See, *e.g., Myers* v. *United States*, 272 U. S. 52, 293 (1926) ("The doctrine of the separation of powers was adopted by the [Constitutional] Convention of 1787, not to promote efficiency but to preclude the exercise of arbitrary power.").
[9] *See Benn v. Benn*, No. 102344/2007, 2012 WL 4461730 (N.Y. Sup. Ct. Apr. 16, 2012).

55.     The Appellate Justices also intentionally and arbitrarily applied law to Plaintiff's claims to prevent her from exercising her rights. For example, the Appellate Justices never tied the law to the prohibited conduct they assert Plaintiff engaged in that caused her to lose her right to a jury trial, never identifying the transaction that triggered the enforcement against her.

56.     As further example, the Appellate Justices relied on common law that applies the prohibition against the joinder of legal and equitable claims, without substantiating how that common law, and the prohibition it stood for, applied to Plaintiff, i.e., how she joined legal and equitable claims arising from the same (unidentified) transaction, causing her to lose her rights.

57.     The Appellate Justices discriminatorily interpreted and executed statutory and common law in a manner that would give them discretion to arbitrarily decide that Plaintiff consented to waiving her right to a jury trial, which consent she never willingly or knowingly gave.

58.     The Appellate Justices' intentionally, arbitrarily, and oppressively deprived Plaintiff of the benefit and protection of laws, to prevent her from exercising her rights, whether out of their own personal animus, or to join with the Trial Court Justice's personal animus against Plaintiff.

59.     There were ultimately no procedural safeguards in place to protect Plaintiff's legal rights.

**COUNT I**
**(DUE PROCESS OF LAW, U.S. CONST. AMEND. XIV, & 42 U.S.C. § 1983)**

60.     Plaintiff incorporates and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

61.     Acting under color of law, the Trial Court Justice, unjustified by any government interest, intentionally deprived Plaintiff of procedural due process in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983 by 1) instructing Plaintiff to present only her case for liability at the first phase of the Trial bifurcated by the Trial Court Justice for liabilities and damages, 2) failing to notify Plaintiff that a damages trial would not

occur before depriving her of property (i.e., monies to which Plaintiff has a legal claim of entitlement in the Civil Action), and 3) depriving Plaintiff of any hearing, and any meaningful opportunity to present her damages case, before and after depriving her of her property.

62.     Acting under color of law, the Trial Court Justice, unjustified by any government interest, intentionally injured Plaintiff, and deprived her of substantive due process, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983, by depriving Plaintiff of an historical, well established liberty interest—due process—in a manner that defeats that right, and is not tolerable in a democratic society that relies on the preservation of that vital, fundamental right. It was egregious for the Trial Court Justice to take away the damages trial, and Plaintiff's opportunity to present her case for damages, after requiring Plaintiff to present her case for liabilities only at the first phase of the Trial.

63.     Acting under color of law, the Appellate Justices, unjustified by any government interest, violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983 by depriving Plaintiff of a damages trial, with the knowledge that the Civil Action Defendants had breached their fiduciary duties to Plaintiff, and were liable to pay Plaintiff in connection with her fourth cause of action in the Civil Action, and with the knowledge that Plaintiff had been instructed to present only her case for liability at the first phase of the Trial, and was subsequently deprived of a damages trial without notice.

64.     Acting under color of law, the Appellate Justices, unjustified by any government interest, violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983 by intentionally depriving Plaintiff of the fundamental right and liberty interest of due process that is central to the American legal

tradition, and central to principles of fairness. The Appellate Justices' actions were oppressive, and undermine settled understandings of a fundamental constitutional right that citizens rely on.

65.     Neither the Trial Court Justice nor the Appellate Justices considered the risk that their actions posed of depriving Plaintiff of monies to which she has a legal claim of entitlement.

66.     Acting under color of law, the Appellate Justices, unjustified by any government interest, violated Plaintiff's right to procedural due process, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983 by deliberately avoiding Plaintiff's legal arguments supporting her right to a liberty interest and benefit conferred by New York law, the right to a jury trial.

67.     Acting under color of law, the Appellate Justices, unjustified by any government interest, intentionally violated Plaintiff's right to substantive due process, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983 by depriving Plaintiff of the well-established liberty interest of due process in a manner that entirely defeated that fundamental right, deliberately avoiding Plaintiff's legal arguments supporting her right to a liberty interest and benefit conferred by New York law, the right to a jury trial, upsetting settled understandings of justice and adjudication, and the indispensable nature of due process in preserving other important liberties guaranteed by the United States Constitution.

68.     Neither the Trial Court Justice nor the Appellate Justices can claim that any procedure already afforded Plaintiff was adequate; thus they deprived Plaintiff of procedural due process in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983.

69.     The Trial Court Justice and the Appellate Justices knew, or should have known that their actions violated Plaintiff's constitutional right to procedural and substantive due process.

70.    The Appellate Justices and the Trial Court Justice acted outside the scope of their authority, intentionally, and oppressively depriving Plaintiff of her legal rights, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §1983.

71.    There were no procedural safeguards in place to protect Plaintiff's rights when, and after, the Appellate Justices abused their authority, depriving Plaintiff of due process. As a result, Plaintiff was deprived of a full and fair opportunity to present her case.

72.    Plaintiff has been harmed by the violations described herein, and will continue to be harmed absent relief.

## COUNT II
### (DUE PROCESS OF LAW, U.S. CONST. AMEND. XIV & 42 U.S.C. § 1983)

73.    Plaintiff incorporates and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

74.    The Appellate Justices' interpretation of New York C.P.L.R. 4102(c), and separately, related common law, is unconstitutionally vague, in violation of the Fourteenth Amendment of the United States Constitution, because it is impossible to know how to avoid the conduct the Appellate Justices state that the statute and common law prohibit, and how to avoid being deemed to have consented to waiving the state-created liberty interest of the right to a jury trial.

75.    The Appellate Justices' interpretation and application of New York C.P.L.R. 4102(c) violates the separation of powers doctrine, impermissibly legislating and extending that statute.

## COUNT III
### (EQUAL PROTECTION OF THE LAW; U.S. CONST. AMEND. XIV & 42 U.S.C. § 1983)

76.    Plaintiff incorporates and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

77.    Acting under color of law, the Appellate Justices, unjustified by any government interest, deprived Plaintiff of the equal protection of the law, in violation of the Fourteenth Amendment of United States Constitution, and 42 U.S.C. §1983 by intentionally treating her differently from others similarly situated at the most fundamental level (ignoring Plaintiff's legal arguments, while the arguments of others similarly situated were lawfully considered), by refusing to recognize the legal rights underlying each of Plaintiff's causes of action (depriving her of legal rights), and by using statutory and common law to discriminatorily injure Plaintiff's rights and interests, making it impossible for her to know what prohibited conduct she engaged in (aside from being informed that all of her cause of actions arose from a single, unidentified transaction, triggering enforcement of laws against her deeming that she had lost a legal right to a jury trial).

78.    As Justices entrusted to uphold the law and protect Plaintiff's legal rights and interests, the Appellate Justices knew, or should have known, that they were depriving Plaintiff of the equal protection of the law. By the actions described in the preceding paragraph, the Appellate Justices, with personal, discriminatory animus, deliberately, and oppressively took away any possibility that Plaintiff could prove that she was entitled to a jury trial.

79.    The Appellate Justices acted outside the scope of their authority, abusing their power with intent to harm, discriminate against, and deprive Plaintiff of the equal protection of the law guaranteed by the Fourteenth Amendment of the United States Constitution.

80.    Plaintiff has been harmed by the violations described herein, and will continue to be harmed absent relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Trial Court Justice and the Appellate Justices, as follows:

14

A. On Count I, a judgment requiring a damages trial in Federal Court, or if that is not possible, in State Court, for the Civil Action fourth cause of action for breach of fiduciary duty;

B. On Count II, a judgment declaring New York C.P.L.R. 4102(c) and—separately—related common law that the Appellate Justices interpreted, unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

C. On Count II, a judgment declaring New York C.P.L.R. 4102(c), as construed by the Appellate Justices, a violation of the separation of powers doctrine;

D. On Count III, a judgment requiring a lawful review to determine whether Plaintiff waived her right and liberty interest conferred by New York law to a jury trial on her legal causes of action, and other relief consistent with Plaintiff's federally guaranteed rights to procedural and substantive due process, and the equal protection of the law;

E. Awarding Plaintiff her costs, and reasonable attorneys' fees if incurred, pursuant to 42 U.S.C. §1988; and

F. Granting such other relief as the Court deems just.

Dated: March 20, 2016

Leilani Zutrau, Plaintiff, *pro se*
229 McKinley Parkway
Mineola, NY 11501
(516) 741.4715
lzutrau@gmail.com

COPY

SHORT FORM ORDER

INDEX
NO.: 37576-09

## SUPREME COURT - STATE OF NEW YORK
## COMMERCIAL DIVISION
## TRIAL TERM, PART 44 SUFFOLK COUNTY

PRESENT: <u>Honorable Elizabeth H. Emerson</u>

―――――――――――――――――――――――x

LEILANI ZUTRAU, individually and on behalf
of ICE SYSTEMS, INC.,

      Plaintiff,

  -against-

ICE SYSTEMS, INC. and JOHN C. JANSING,

     Defendants.

―――――――――――――――――――――――x

MOTION DATE: 6-15-12
 SUBMITTED: 6-21-12
MOTION NO.: 003-MOT D

LIDDLE & ROBINSON, L.L.P.
Attorneys for Plaintiff
800 Third Avenue
New York, New York 10022

LITTLER MENDELSON, P.C.
Attorneys for Defendants
900 Third Avenue
New York, New York 10022

  Upon the following papers numbered  1-8  read on this motion  to strike ; Notice of Motion and supporting papers  1-6 ; Notice of Cross Motion and supporting papers_____; Answering Affidavits and supporting papers  7-8 ; Replying Affidavits and supporting papers __; it is,

  ***ORDERED*** that the branch of the motion by the defendants which is for an order striking the plaintiff's jury demand is granted; and it is further

  ***ORDERED*** that the branch of the motion by the defendants which is for an order dismissing the third cause of action for violation of Labor Law § 215 is denied.

  The prevailing rule is that the deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial (**Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hospital Ctr.**, 59 AD3d 481, 482). Once the right to a jury trial has been intentionally lost by joining legal and equitable claims, any subsequent dismissal, settlement, or withdrawal of the equitable claims will not revive the right to a trial by jury (**Id.**).

  Contrary to the plaintiff's contention, all of the plaintiff's claims arise out of the same transaction. Thus, by joining shareholder derivative claims, which are equitable in nature,

## EXHIBIT A
## Page 1



Index No.: 37576-09
Page 2

and equitable claims for an accounting and breach of fiduciary duty with legal claims to recover damages for breach of contract and employment discrimination, the plaintiff waived her right to a jury trial (*see*, **Ayromlooi v Staten Is. Univ. Hosp.**, 7 AD3d 475). Moreover, the plaintiff does not allege facts upon which monetary damages alone will afford full relief (**Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hospital Ctr.**, *supra*). The plaintiff seeks reinstatement as an alternative to front pay as well as an accounting. In connection with her dismissed derivative claims, she also sought an accounting, the appointment of a receiver, and injunctive relief. Accordingly, the branch of the motion which is to strike the jury demand is granted.

The plaintiff's failure to notify the Attorney General of her claim for a violation of Labor Law § 215 at or before the commencement of this action is not fatal to that claim. The requirement that notice be given is designed solely to apprise the Attorney General that an action has been commenced so that he is aware of the circumstances, and it is not considered a condition precedent to a cause of action pursuant to § 215 (*see*, **Quintanilla v Suffolk Paving Corp.**, US Dist Ct., EDNY, Feb. 10, 2011, Tomlinson, Magistrate J. [2011 WL 1323033 at *6], report and recommendation adopted US Dist Ct., EDNY, Mar. 28, 2011, Feuerstein, J. [2011 WL 1253248). The fact that the Attorney General may investigate the claim does not impede the plaintiff's ability to prosecute this action (*see*, **Ji v Belle World Beauty, Inc.**, Sup Ct NY County, Aug. 12, 2010, Goodman, J. [2010 WL 3285639 at 6]). In any event, the plaintiff has now notified the Attorney General. The defendants are not prejudiced by the delayed notice because § 215 requires notice to the Attorney General and not to the defendants (*see*, **Quintanilla v Suffolk Paving Corp.**, *supra* at *6). Accordingly, the branch of the motion which is to dismiss the third cause of action for violation of Labor Law § 215 is denied.

**HON. ELIZABETH HAZLITT EMERSON**

Dated:   __July 16, 2012__

_____
J.S.C.

**EXHIBIT A**

**Page 2**